**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| LAURA CRADDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  2:11-cv-2084 |
| v. | ) | |
| | ) | |
| WORLDWIDE RECOVERIES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S VERIFIED COMPLAINT

LAURA CRADDOCK (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against WORLDWIDE RECOVERIES, LLC (Defendant):

### INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.  Defendant conducts business in the state of Louisiana; therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5.  Plaintiff is a natural person residing in Slidell, Tammany Parish, Louisiana.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

1

7.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Santa Ana, California.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     In or around May of 2011, Defendant began placing collection calls to Plaintiff and her son seeking and demanding payment on an alleged debt.

11.     Soon after calls began, Defendant's representative, one Chris Tozer ("Tozer"), began placing calls directly to Plaintiff's son's place of employment.

12.     Tozer would directly call the son's supervisor in search of payment on the alleged debt. Tozer would also tell the supervisor that the son would be arrested, should payment not be made.

13.     Fearing her son would lose his job if such harassment continued, in late May of 2011 Plaintiff contacted Tozer and offered to make a one time payment of $500, with the explicit understanding, affirmed by Tozer, that such payment was to stay further collections efforts.

14.     Plaintiff emphatically told Tozer- and the latter agreed- that this was to be a *one time* payment only. Plaintiff then provided her own electronic routing and funds transfer information in order to facilitate the single payment.

15.     On July 27, 2011, Plaintiff received notice from her credit union that another $500 had been withdrawn from her account by Defendant.

16.     Because Plaintiff did not anticipate this unauthorized transfer, her account did not have sufficient funds at the time to cover the payment, and she incurred "NSF" fees. (*See* Plaintiff's account statement as Exhibit "A" hereto).

17.     Upon learning of the transfer, Plaintiff immediately contacted Tozer, who told Plaintiff the transfer from her account was proper because her son owed the money. When Plaintiff persisted in her protests of the unauthorized transfer, Tozer flew into a rage and began screaming.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18.     Defendant violated the FDCPA based on, but not limited to, the following:

a.     Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

b.     Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken;

c.     Defendant violated §1692e(10) of the FDCPA by making false or deceptive representations in connection with the collection of a debt; and

d.     Defendant violated §1692f(1) of the FDCPA by collecting or attempting to collect any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff, LAURA CRADDOCK, respectfully requests judgment be entered against Defendant, WORLDWIDE RECOVERIES, LLC, for the following:

19.     Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

20.     Actual damages in the amount of $550.00, for unauthorized funds withdrawal and subsequent penalties Plaintiff incurred;

21.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

22.     Any other relief that this Court deems appropriate.


                                 RESPECTFULLY SUBMITTED,

                                 By:  /s/ Kelli Denise Mayon_____
                                 Kelli Denise Mayon
                                 4712 Purdue Drive
                                 Metairie, LA 70003
                                 504-401-0533
                                 Attorneys for Plaintiff

PLAINTIFF'S VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA        )
                          )
COUNTY OF _____     )

Plaintiff, LAURA CRADDOCK, states the following:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LAURA CRADDOCK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

___10  Aug  11___
Date

_Laura Craddock_
LAURA CRADDOCK